**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HEATHER WRIGHT | : Civil Action No. 14-2241 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| LOWER MERION TOWNSHIP, | : |
| OFFICER SHAWN CLIFFORD, | : |
| OFFICER CARL HARPER, and JOHN DOE(S), | : |
| Individually and as police officers for the | : |
| Lower Merion Police Department | : |
| | : |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

**Jurisdiction**

1.  Admitted that venue is proper in the Eastern District of Pennsylvania and the Court

has jurisdiction and supplemental jurisdiction

**Parties**

2.  Admitted, upon information and belief.

3.  Admitted, as to Defendants, Lower Merion Township, Shawn Clifford and Carl

Harper.  No further response is required.

4.  Denied as conclusions of law.  By way of further response, it is admitted that

Defendants, Shawn Clifford and Carl Harper are Police Officers for the Lower Merion Township

Police Department acting in the course and scope of their employment and under color of state

law at all times relevant.

5.  Denied as conclusion of law.

6.  Denied as conclusion of law.  Denied, factually.

**Factual Allegations**

7. Admitted.

8. Admitted, with qualification.  Witness Edward Frazer's interaction with the police is documented in the police reports and Mr. Frazer's signed statement, which are incorporated herein by reference in response.

9. Admitted.  By way of further response, sequence of events, may be found in the documents provided by the Defendants in their self-disclosures and response to Plaintiff's Request for Production of Documents, and are incorporated herein by reference.

10. Denied.  By way of further response, after repeated attempts to contact Plaintiff by phone, and by knocking on her door, and based on information provided by Mr. Frazer regarding danger or potential danger faced by Mr. Frazer's child, and Plaintiff's other child, Defendants entered an unlocked rear door.

11. Denied as to Plaintiff's characterization of "in concert and conspiracy".  By way of further response, Defendant Officers did enter the home, and spoke to Ms. Wright.

12. Denied both factually and as conclusion of law.  By way of further response, as regarding Plaintiff's alleged "physical and emotional harms", Defendants are without information sufficient to form a belief as to the veracity of these averments and therefore deny same and demand strict proof at trial.

13. It is admitted that Plaintiff was handcuffed.  The remaining averments are denied.

14. It is admitted that Plaintiff was charged with criminal offenses, as listed on the criminal docket for this matter.  The remaining averments are denied both factually and as conclusions of law.

15. Denied as stated.  It is admitted Ms. Wright was removed from her home then placed in custody, being transported to Lower Merion Township Police headquarters in a marked

Township police vehicle.  As to Plaintiff's alleged "embarrassment, humiliation and damage to reputation", any such damages were caused by the actions of the Plaintiff.

16. Admitted, with qualification.  Plaintiff was not held for "many hours", but rather for only that period of time as was necessary to complete processing her arrest.

17. Admitted, upon information and belief.

18. Denied.  Further, denied as conclusions of law.

19. Denied.  Further, denied as conclusions of law.

20. Denied.  Further, denied as conclusions of law.

21. Denied.  Further, denied as conclusions of law.

22. Denied.  Further, denied as conclusions of law.

23. Admitted that Defendant Officers had lawful grounds to arrest and detain Plaintiff.  It is denied that Defendants engaged in "prosecution" of the Plaintiff, or that they used unreasonable and unnecessary force in effectuating her arrest.  Further, denied as conclusions of law.

24. Denied.  Further, denied as conclusions of law.

25. Denied as conclusions of law.

26. Denied.  Further, denied as conclusions of law.

27. After reasonable investigation, Defendants are without information sufficient to form a belief as to the veracity of Plaintiff's averments regarding alleged damages and therefore deny same and demand strict proof at trial.

28. After reasonable investigation, Defendants are without information sufficient to form a belief as to the veracity of Plaintiff's averments regarding alleged damages and therefore deny same and demand strict proof at trial.

## COUNT I
## FEDERAL CIVIL RIGHTS VIOLATIONS
### Plaintiff v. Defendants, Clifford, Harper, Doe(s) and Frazer

29. Defendants incorporate by reference their responses to paragraph 1 through 28 as if set forth here at length.

30. Denied as conclusion of law.

31. Denied as conclusion of law.

32. Denied as conclusion of law.

## COUNT II
## FEDERAL CIVIL RIGHTS VIOLATIONS
### Plaintiff v. Defendant Lower Merion Township

33. Defendants incorporate by reference their responses to paragraph 1 through 32 as if set forth here at length.

34. Denied as conclusion of law.

35. Denied as conclusion of law.

36. (a-j) Denied as conclusion of law.

37. Denied as conclusion of law.

38. Denied as conclusion of law.

## COUNT III
## SUPPLEMENTAL CLAIMS

39. Defendants incorporate by reference their responses to paragraph 1 through 38 as if set forth here at length.

40. Denied as conclusion of law.

## AFFIRMATIVE DEFENSES

1.   To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Defendants claims same.

2.   Plaintiff's Complaint fails to state a cause of action against Defendants.

3.   Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 532 U.S. 194 (2001), Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (2009), and subsequent cases.

4.   Defendants assert all immunity to which they may be entitled under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 et seq.

5.   Defendants assert immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in Davidson v. Cannon, 106 S.Ct. 668 (1997); and Daniels v. Williams, 106 S.Ct. 662 (1986).

6.   Defendants assert the right of qualified immunity, as a right not to go to trial, as set forth in Mitchell v. Forsythe, 472 U.S. 511 (1985), and Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (2009).

7.   Defendants assert that Plaintiff was, at all times relevant to the Complaint, afforded all rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws.

8.   Defendants assert all common law, statutory immunity and qualified immunity to which they  may be entitled.

9.   Plaintiff's injuries, sufferings and/or damages, if any, were caused by her own conduct, negligence, recklessness, disregard, criminal and other behavior, and not in any way by the conduct of the Defendants.

10. Defendants assert all the defenses available to them under the Civil Rights Act of 1871.

11. At all times material to the Complaint, Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them.  Graham v. Connor, 109 S.Ct. 1865 (1989).

12. As negligent, or careless conduct on the part of a Defendant is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983, Defendant claims same as a defense.

13. No act, action or omission of Defendant was the proximate cause or illegal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within cause of action.

14. To the extent Plaintiff's claims are barred as Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994), Defendant claims same as a defense.

15. To the extent Plaintiff's claims are barred by any judicial determination of any state or federal court, Defendant claims same as defense.

16. Plaintiff's injuries and/or damages as alleged were not caused in any manner by the acts or inaction of any Defendant.

17. Plaintiff's injuries and/or damages as alleged were caused by her own acts or omissions.

18. Plaintiff's injuries and/or damages as alleged were caused by her own criminal acts or omissions, or the criminal acts or omissions of others.

WHEREFORE, Defendants, demand judgment in their favor, together with all costs,

counsel fees and other relief that the Court deems appropriate.


                              MARSHALL DENNEHEY WARNER
                              COLEMAN & GOGGIN


                       BY:    s/Christopher Boyle
                              CHRISTOPHER BOYLE, ESQUIRE
                              ID#  PA93002
                              620 Freedom Business Center, Suite 300
                              King of Prussia, PA 19406
                              (610) 354-8476 Fax (610) 354-8299
                              Email:  cpboyle@mdwcg.com
                              Attorney for Defendants

DATE:  6/17/14
26/2630153.v1

## CERTIFICATE OF SERVICE

I, CHRISTOPHER, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Answer with Affirmative Defenses to Plaintiff's Complaint, was electronically filed with the Court on June 17, 2014 and is available for viewing and downloading from the ECF System.  All counsel of record was served via electronic notification.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:     s/Christopher Boyle_____
        CHRISTOPHER BOYLE, ESQUIRE
        ID#  PA93002
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8476 Fax (610) 354-8299
        Email:  cpboyle@mdwcg.com
        Attorney for Defendants

DATE: 6/17/14
26/2630153.v1